UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KATHY MORRIS, | Case No. 2:14-CV-1834 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| SUMMERLIN HOSPITAL MEDICAL CENTER, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants Summerlin Hospital Medical Center, LLC ("Summerlin LLC"), Summerlin Hospital Medical Center, Limited Partnership ("Summerlin LP"), and Valley Health System, LLC's ("Valley Health") joint motion to dismiss parts of plaintiff's complaint. (Doc. # 7). Plaintiff has not filed a response and the deadline to do so has passed.

Plaintiff's response to defendants' joint motion to dismiss was originally due by November 27, 2014. On November 25, 2014, the parties filed a stipulation allowing plaintiff additional time, until December 5, 2014, to file a response. (Doc. # 12). The court granted this stipulation, and allowed plaintiff until December 5, 2014 to respond. (Doc. # 13). Despite the extension, plaintiff has still failed to file a response.

This case involves an employment dispute. Plaintiff Kathy Morris is currently employed by defendant Summerlin LLC as a respiratory therapist. (*See* doc. # 7). Plaintiff commenced the action in the Eighth Judicial District Court of Clark County, Nevada on October 7, 2014, setting forth six claims for relief. (*See id.*). On November 3, 2014, defendant Summerlin LLC, removed the action to this court. (Doc. # 1). Defendants Summerlin LP, and Valley Health

**James C. Mahan**
**U.S. District Judge**

consented to and joined in the removal. Defendants now jointly move to dismiss four of plaintiff's claims for relief based on Federal Rule of Civil Procedure 12(b)(6). (*See id.*).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

Pursuant to Local Rule 7-2, an opposing party must file points and authorities in response to a motion and failure to file a timely response constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *See* LR IB 7-2(d); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In light of plaintiff's failure to respond and weighing the factors identified in *Ghazali*, the court finds dismissal plaintiff's first, third, fourth, and sixth causes of action appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Summerlin LLC, Summerlin LP, and Valley Health's joint motion to dismiss parts of plaintiff's complaint (doc. # 7) be, and the same hereby, is GRANTED.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that plaintiff's first, third, fourth, and sixth causes of action
2  (*see* doc. # 1) be dismissed without prejudice.
3  DATED December 15, 2014.

                                                                                       _____
                                                                                       UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -